IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01109-PAC-CBS

ANGELO BROWN,

      Plaintiff,

v.

OFFICER MALCHOW,
OFFICER WISLER, and
OFFICER SMOOK,

      Defendants.

## SECOND AMENDED TRIAL PROCEDURES ORDER

**Order Entered by Magistrate Judge Patricia A. Coan**

The following procedures and orders supplement the Federal Rules of Civil Procedure and the local rules of this court. In order to fairly and efficiently try the merits of each case, the following ORDERS apply.

**Final Trial Preparation Conference with Trial Magistrate Judge**

1. The parties are to exchange their pre-marked exhibits on the date set forth in the final pretrial order. Plaintiff shall use numbers and Defendant shall use letters. Two copies of exhibit lists and witness lists shall be electronically filed, and a copy e-mailed to the trial magistrate judge **three days before** the final trial preparation conference. Stipulations as to authenticity and admissibility shall be set forth on the exhibit lists. Counsel shall be prepared to stipulate to the admissibility of exhibits at the final trial preparation conference.

2. Prior to trial, the parties are to decide upon joint exhibits and thus avoid duplication of exhibits, and are to stipulate to the authenticity and admissibility of as many exhibits as possible. If the parties agree on joint exhibits, one copy of a joint exhibit list shall be electronically filed with the court and two copies of a joint exhibit list shall be provided to the trial magistrate judge at the final trial preparation conference.

3. Each party shall electronically file and provide to the trial magistrate judge, **three days before** the final trial preparation conference, an original and two copies of objections to exhibits. The

objections shall state in a clear and concise fashion the evidentiary grounds for the objection and the legal authority supporting such objection. If the authority is a Federal Rule of Evidence, the Rule is to be cited; if the authority is case law, a copy of the case shall be provided to the court.

4. At the final trial preparation conference, counsel shall provide their final witness lists with an estimate of each witness's direct examination testimony time. Each witness designated as a "will call" witness shall be counsel's representation, upon which opposing counsel can rely, that the witness will be present and available for testimony at trial.

5. Video-taped deposition testimony. In the event videotaped deposition testimony will be used, opposing counsel must be given notice of each page and line intended to be used **ten days prior** to the final trial preparation conference. Any objections to the testimony must be marked on a copy of the transcript and provided to the court **three days before** the final trial preparation conference. Objections to videotaped testimony will be ruled on prior to trial to allow for editing of the tape to be presented to the jury.

6. Any stipulated amendments to the pretrial order are to be electronically filed and two copies shall be presented at the final trial preparation conference with the trial judicial officer.

7. Motions in limine are to be electronically filed and copies emailed to the chambers of the trial magistrate judge no later than **five business days** before the final trial preparation conference. Counsel are advised that **motions in limine are discouraged**.

**Prior to Trial**

1. **Thirty days before trial,** counsel shall notify my courtroom deputy of any need for special accommodation for any attorney, party or witness, any need for technological equipment, such as videoconferencing, or equipment needed for the presentation of evidence using CD-ROM or other electronic presentation of evidence.

2. **Five business days before trial to a jury,** voir dire questions and proposed instructions and proposed verdict forms shall be filed electronically. Counsel also are to submit to the **trial magistrate judge's chambers** via e-mail, two versions of proposed substantive jury instructions, one with sources or authority and one without in Wordperfect format. In the alternative, counsel are to submit instructions saved in richtext format (*.rtf) on a disc compatible with Word Perfect 6.1 or higher, or Word 95 or 97. Counsel are to agree and submit two hard copy sets of proposed stock instructions without authority but with yellow post-its citing the applicable authority on one copy.

3. For **trials to the court**, counsel shall electronically file with the clerk's office, and email the trial magistrate judge's chambers in a Wordperfect attachment, the proposed findings of fact and conclusions of law at least **five business days prior to trial**.

4. Trial briefs, if any, are to be electronically filed as well as e-mailed in a Wordperfect attachment to the chambers of the trial magistrate judge no later than **five business days prior to trial**.

5. Pursuant to D.C.COLO.LCivR. 54.2, in order to avoid the assessment of jury costs, counsel must notify the court clerk and the trial magistrate judge's chambers of a settlement before twelve o'clock noon on the last business day before the scheduled trial date.

6. Deposition testimony. Counsel are to advise each other of the proposed deposition testimony offered by page and line reference so that opposing counsel can prepare objections and offer additional portions of the transcript. The court will not provide a person to read the deposition responses.

**First Day of Trial**

1. Provide three copies of witness list to courtroom deputy and one to opposing counsel.

2. Submit the exhibit list to opposing counsel and three copies to the courtroom deputy.

3. Original exhibits, properly marked and tabbed, with pages of each exhibit numbered filed in one or more notebooks shall be given to the courtroom deputy. Similar notebooks with exhibit copies shall be provided to the court and to opposing counsel. Exhibits with more than one page shall have each page numbered.

4. Copies of Exhibits for Jurors. Each party may provide notebooks for juror exhibits. Those exhibits which have been stipulated to may be placed in the jurors' notebooks prior to trial. Additional exhibits may be published to the jury for placement in juror notebooks following the exhibit's admission into evidence at trial.

5. Submit an original list of any stipulated facts and two copies.

**General Information**

1. My courtroom deputy's name is Jody Black, who can be reached at (303) 844-2096. Any questions concerning exhibits or courtroom equipment may be directed to her. The proceedings will be digitally recorded. Any request for transcripts should be directed to the courtroom deputy. Extraordinary requests, such as for daily copy should be made at least 30 days in advance of the trial date.

2. My secretary's name is Lisa Gonzales-Green, who can be reached at (303) 844-4892.

3. My law clerks, Katy Rackleff (odd-numbered cases), and Barb Cashman-Hahn (even-numbered cases), may speak to counsel only pursuant to my specific directions. Please do not call the law clerks about procedural or scheduling matters.

4. At trial, all parties and witnesses shall be addressed as "Mr.", "Mrs.", "Ms.", "Dr.", etc. Informal references are not authorized except when children are testifying.

5. In jury trials, instructions are given prior to closing arguments. Copies of written instructions will be given to the jury for its deliberations.

6. Trial is set for two days to the court beginning at **8:00 a.m.** on **August 29, 2005** in Courtroom A-501, fifth floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The trial to the court will continue **August 30, 2005** at **8:30 a.m.**

7. The final trial preparation conference is set for **August 29, 2005 at 8:00 a.m.** in Courtroom A-501.

DATED this first day of July , 2005.

BY THE COURT:

s/ Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge